_____

No. 96-1457
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *
Dorian Dee Stuttley,                *
                                    *
          Appellant.                *


_____

No. 96-1518
_____

United States of America,          *
                                    *
          Appellee,                 *     Appeals from the United States
                                    *      District Court for the
     v.                             *      District of Minnesota.
                                    *
Charles Antonio Webster,            *
                                    *
          Appellant.                *


_____

No. 96-1585
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *
Alexander Faulkner,                 *
also known as Mike,                 *
                                    *
          Appellant.                *

_____

No. 96-1586
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
Alexi Ricardo Bravo,               *
also known as Carlos,              *
                                   *
          Appellant.               *

_____

No. 96-1824
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
Charles A. Wise,                   *
                                   *
          Appellant.               *

_____

Submitted:  October 24, 1996

Filed:  December 24, 1996
_____

Before WOLLMAN, FLOYD R. GIBSON, and BEAM, Circuit Judges.
_____


WOLLMAN, Circuit Judge.


     The five defendants in this appeal were members of a conspiracy that distributed cocaine and cocaine base in the Rochester, Minnesota, area.  All five pleaded guilty in the

district court.[1]  They jointly and separately raise various issues on appeal.  For the reasons discussed below, we affirm.

1.  Alexander Faulkner's motion to withdraw his guilty plea.

Faulkner argues that the district court abused its discretion in refusing to allow him to withdraw his guilty plea.  See United States v. Capito, 992 F.2d 218, 219 (8th Cir. 1993) (standard of review).  Faulkner points to his dissatisfaction with the plea-bargaining process and the sentence recommended by the government in the plea agreement.  It took four drafts of the plea agreement before Faulkner and the government reached an agreement, which was not until jury selection began for his trial.  Faulkner asserts that each time he rejected a proposed plea agreement, the government would increase the recommended sentence contained in the new proposed plea agreement.  Faulkner objects to this negotiating technique by the government and its allegedly superior bargaining position.

Faulkner put himself in the bargaining position in which he ultimately found himself, however, and a defendant facing a government prosecutor who is prepared and ready to go to trial cannot complain that the government is in an unfairly superior bargaining position.  During the plea negotiations, the government was free to make such offers as it saw fit, and Faulkner was free to accept or reject them.  Cf. Bordenkircher v. Hayes, 434 U.S. 357, 363-64 (1978) ("[I]n the `give and take' of plea bargaining, there is no such element of punishment [for defendants' exercise of their rights] so long as the accused is free to accept or reject the prosecution's offer. . . . Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

prosecutorial persuasion."); United States v. Goodwin, 457 U.S. 368, 380 (1982) ("For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of a trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.").

The district court may allow a defendant to withdraw his guilty plea only if he shows a "fair and just reason." Fed. R. Crim. P. 32(e); United States v. Knight, 96 F.3d 307, 309 (8th Cir. 1996). The record demonstrates that Faulkner voluntarily signed his plea agreement and pleaded guilty, that his change-of-plea hearing complied fully with all provisions of Federal Rule of Criminal Procedure 11, and that the district court sentenced Faulkner in accordance with his plea agreement. Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea, or for this court to reverse the district court.

2. Selective prosecution.

Faulkner, Alexi Bravo, and Dorian Stuttley claim that they were subjected to selective prosecution in violation of their equal protection and due process rights. They argue that the district court erred in denying their motions for discovery and a hearing on the discovery issue. We cannot review their arguments because all three defendants waived this claim by entering unconditional guilty pleas. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Knight, 96 F.3d at 309 (selective prosecution claim waived by guilty plea); United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir.) (same), cert. denied, 117 S. Ct. 256 (1996); United States v. Vaughan, 13 F.3d 1186, 1187-88 (8th Cir.), cert. denied, 114 S. Ct. 1858

(1994).[2]

### 3. Downward departures.

Bravo, Charles Wise, and Stuttley each argue that the extent of the downward departure he was granted by the district court was not commensurate with the assistance he gave the government pursuant to his plea agreement. The extent of a downward departure is not reviewable on appeal. United States v. Goodwin, 72 F.3d 88, 91 (8th Cir. 1995); United States v. Left Hand Bull, 901 F.2d 647, 650 (8th Cir. 1990). Moreover, even if we could review the district court's downward departures, we cannot review these particular defendants' claims. In their plea agreements, and at their guilty plea hearings, each defendant expressly waived the right to appeal his sentence so as long as the district court sentenced him within the sentencing range recommended in his plea agreement. See United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992). The district court did so in each case. Because each defendant was sentenced in accordance with his plea agreement, he cannot challenge the bargain he made. United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam).

### 4. Allocution at Wise's sentencing.

Wise argues that his right of allocution at sentencing, and also that of his attorney, was improperly limited by the district court. Our review of the transcript of Wise's sentencing hearing satisfies us that both Wise and his attorney were given a full and fair opportunity to allocute.

---

[2]Even if this issue were preserved for our consideration, the defendants have not made the showing that is required by United States v. Armstrong, 116 S. Ct. 1480, 1488 (1996), for obtaining discovery on their selective prosecution claim.

5.  <u>Anders briefs filed on behalf of Wise and Charles Webster.</u>

Counsel on behalf of Wise and Webster filed briefs pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Wise and Webster have each raised several issues pro se. We have carefully reviewed the record and find no merit to the issues raised by Wise. The issues Webster raises regarding his sentence are not reviewable. After reviewing the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues.

The judgments are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.