# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————————

No. 04-4199

———————————

United States of America,           \*
            \*

        Appellee,           \*
            \*      Appeal from the United States

    v.                   \*      District Court for the
            \*      District of Minnesota.

Jason David Austin,         \*
            \*          [PUBLISHED]

        Appellant.        \*

———————————

Submitted: June 20, 2005
Filed: June 27, 2005

———————————

Before MELLOY, HEANEY, and GRUENDER, Circuit Judges.

———————————

PER CURIAM.

Jason David Austin was indicted and charged with a single count of bank robbery in violation of 18 U.S.C. § 2113(a). On May 17, 2004, Austin appeared before the district court[1] to enter a plea of guilty. The district court inquired into Austin's understanding of the plea agreement and of the consequences of pleading guilty. The district court also made the inquiries of Austin necessary to determine

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

that the change of plea was made knowingly and voluntarily, and without coercion, threat or promise other than that made in the plea agreement. After complying with the requirements of Rule 11 of the Federal Rules of Criminal Procedure, the district court accepted the guilty plea and set a date for sentencing.

Six weeks later, Austin filed a pro se motion to withdraw his guilty plea, asserting that his attorney and the Government coerced him into entering a guilty plea and that he was "nonintelligible to the court's stipulation to the agreement of the plea." The district court denied Austin's motion, finding that it failed to state any facts in support of the allegations and that the allegations were contrary to statements Austin had made under oath during the change of plea hearing. At sentencing, Austin withdrew his claim of coercion and instead argued that he regretted his decision to change his plea because it was made hastily. The district court reaffirmed its denial of the motion to withdraw the guilty plea and sentenced Austin to 210 months' imprisonment.

Prior to sentencing, a defendant may be allowed to withdraw a guilty plea if he can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996) (recognizing that though the "fair and just" standard is a liberal one, it does not create an automatic right to withdraw a plea). Besides "any fair and just reason," a court should also consider whether the defendant has asserted his innocence to the charge, the length of time between the plea of guilty and the motion to withdraw, and whether the government will be prejudiced by the withdrawal. *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1104 n.7 (8th Cir. 2002). If a defendant fails to establish a fair and just reason for withdrawing a guilty plea, the district court need not address the remaining factors. *Wicker*, 80 F.3d at 266. The defendant bears the burden of proving why withdrawal of his guilty plea should be permitted. *United States v. Morales*, 120 F.3d 744, 747 (8th Cir. 1997). We review the district court's denial of a motion to withdraw a plea for an abuse of discretion. *Id.*

On appeal, Austin argues only that the decision to change his plea was hastily made and, as a result, not fully voluntary. *See United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) ("The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom.") (quoting *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir. 1971)); *see also United States v. Stuttley*, 103 F.3d 684, 686 (8th Cir. 1996) ("Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea, or for this court to reverse the district court."). After carefully reviewing the record, we reject Austin's argument that his plea was not made voluntarily. The district court inquired fully into Austin's state of mind at the time of the change of plea hearing, whether he had adequately reviewed and considered the plea agreement, and whether he understood the plea agreement and the consequences of pleading guilty. Because the district court did not abuse its discretion in denying Austin's motion to withdraw his guilty plea, we affirm.

_____