# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3507

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Joseph Michael Klingner, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2006
Filed: February 21, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

In support of a client's home loan application, mortgage broker Joseph Michael Klingner knowingly submitted altered copies of cashiers checks and a fraudulent sale contract. In exchange for the Government's agreement to dismiss three counts of wire fraud, Klingner pleaded guilty to one count of aiding and abetting his clients in submitting material false statements on a loan application. Almost three months later, after filing objections to the presentence report, Klingner filed a motion to withdraw

his guilty plea. The district court[*] denied the motion and sentenced Klingner to twelve months in prison.

On appeal, Klingner contends he should have been allowed to withdraw his guilty plea. Federal Rule of Criminal Procedure 11(d)(2)(b) permits a district court to allow withdrawal of a guilty plea after the court has accepted it, but before the defendant is sentenced, if the defendant shows a fair and just reason for requesting the withdrawal. See United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005). In addition to "any fair and just reason," courts also consider whether the defendant asserts his legal innocence to the charge, the length of time between the guilty plea and the motion to withdraw the plea, and whether the government would be prejudiced by the withdrawal. Id. If a defendant fails to show a fair and just reason for withdrawing the plea, the court need not address the remaining considerations. Id. We review the district court's denial of Klingner's motion to withdraw his plea for abuse of discretion. Id.

As a fair and just reason for withdrawing his plea, Klingner alleges he was denied the effective assistance of counsel because his attorney failed to perform a basic pretrial investigation. According to Klingner, his attorney should have performed a title search on the property to show the federally insured company that funded the company did not appear on the mortgage title. We disagree. Klingner's attorney was given a memorandum of law on the structure of the federally-insured lender and its entities so no title search was necessary. Klingner next contends his attorney should have interviewed additional witnesses, but the record does not show the alleged witnesses could have provided information supporting Klingner's defense. Klingner also asserts his attorney's failure accurately to predict his criminal history score resulted in his reliance on incorrect information in deciding whether to plead

---

[*]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

guilty. Because Klingner was informed he faced up to thirty years in prison both in his written plea agreement and verbally by the district court (far more than his actual twelve month sentence), any misunderstanding about his criminal history score does not constitute a fair and just reason to withdraw his plea. United States v. Burney, 75 F.3d 442, 444-45 (8th Cir. 1996). Because Klingner did not show a fair and just reason for withdrawing his guilty plea, the district court did not abuse its discretion in denying plea withdrawal.

Turning to his sentence, Klingner argues the district court should have granted him a mitigating role reduction under U.S.S.G. § 3B1.2, which allows a district court to reduce a defendant's offense level if the defendant was a minimal or minor participant in his criminal activity. The defendant has to the burden to show entitlement to the reduction. United States v. Salvador, 426 F.3d 989, 993 (8th Cir. 2005). Although we review a district court's interpretation and construction of the Guidelines de novo, we review a district court's decision that a defendant does not qualify for a § 3B1.2 reduction for clear error. United States v. Monk, 312 F.3d 389, 390 (8th Cir. 2002).

Klingner asserts he is entitled to a reduction because he was not the instigator of the scheme but was merely a conduit who did not personally alter or falsify the documents. Contrary to his assertion, Klingner personally asked the seller and his attorney to submit false forms to conceal late payments. The district court agreed with the PSR's conclusion that Klingner "greatly facilitated" the offense as general manager of the mortgage company and that Klingner's role was "essential" to the crime's successful commission. Thus, the district court did not commit clear error in denying a mitigating role reduction in this case.

Accordingly, we affirm the district court.

_____