# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3950

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Northern District of Iowa. |
| Curtis Maxwell, | * |
| | * |
| Appellant. | * |

_____

Submitted: April 2, 2007
Filed: August 17, 2007

_____

Before LOKEN, Chief Judge, BEAM, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

After Curtis Maxwell (Maxwell) pled guilty to possession of a firearm by a felon with three previous felony convictions, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), Maxwell filed a motion to withdraw his guilty plea. The district court[1] denied his motion, and Maxwell appeals. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the Honorable John A. Jarvey, then United States Magistrate Judge, now United States District Judge for the Northern District of Iowa.

## I.    BACKGROUND

Maxwell stipulated to the following facts.  On September 18, 2005, Maxwell and co-defendant Richard Bradley (Bradley) unlawfully entered the residence of Arthur Petrzelka (Petrzelka) in Amana, Iowa, with the intent to steal property. Maxwell and Bradley stole a VCR, cellular telephones and chargers, and a Winchester Model 37, 20-gauge shotgun, which Bradley carried out of the residence.

When confronted by Petrzelka, Maxwell and Bradley fled in an automobile driven by Bradley.  Shortly thereafter, police officers stopped the vehicle and arrested both Maxwell and Bradley.  Officers searched the vehicle and found the stolen property, including the shotgun, in the vehicle's back seat.  Before this offense, Maxwell had been convicted of three different felony burglaries in 1984, 1990, and 1993.

Maxwell entered into a plea agreement with the government and pled guilty to one count of possession of a firearm by a felon with three previous felony convictions. The district court accepted the plea, but Maxwell later filed a pro se motion to withdraw his guilty plea.  The district court denied the pro se motion.  Maxwell then filed, through counsel, a second motion to withdraw his guilty plea.  The district court referred the motion to a magistrate judge, and adopting the magistrate judge's report and recommendation, the district court denied Maxwell's motion.  The district court sentenced Maxwell to 188 months' imprisonment.

## II.    DISCUSSION

A defendant may withdraw a guilty plea after the court accepts the plea, and before sentencing if he demonstrates "'a fair and just reason' for the withdrawal." United States v. Mugan, 441 F.3d 622, 630 (8th Cir. 2006) (quoting Fed. R. Crim. P. 11(d)(2)(B)), cert. denied, 127 S. Ct. 191 (2006).  "The district court may also consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion."

Id. If the defendant fails to show a fair and just reason for withdrawing his plea, the district court does not need to address any additional factors. United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005). "A guilty plea is a solemn act not to be set aside lightly." United States v. Embrey, 250 F.3d 1181, 1183 (8th Cir. 2001). Generally, we review the district court's decision to deny a motion to withdraw a plea for abuse of discretion.[2] Mugan, 441 F.3d at 630.

Maxwell renews his contention no factual basis exists to establish his guilt of possessing the firearm, see Fed. R. Crim. P. 11(b)(3), thus, a fair and just reason exists for withdrawing the plea. We disagree. A sufficient factual basis clearly exists to establish Maxwell constructively possessed the firearm. "To prove constructive possession [of the firearm,] the government had to present evidence that [defendant] had knowledge and ownership, dominion or control over the [firearm]. Ortega v. United States, 270 F.3d 540, 545 (8th Cir. 2001). "Constructive possession may be based on circumstantial evidence which is intrinsically as probative as direct evidence." United States v. Bradley, 473 F.3d 866, 867 (8th Cir. 2007) (internal quotation omitted). At the time of his plea, Maxwell stipulated (1) a shotgun was among the items Maxwell and Bradley had stolen from the Petrzelka residence, and (2) when the police stopped Maxwell and Bradley, the police found the stolen shotgun inside their getaway car. This evidence is sufficient to establish Maxwell had constructive possession of the firearm. See United States v. Jackson, 365 F.3d 649, 651-52, 655-56 (8th Cir. 2004) (finding sufficient evidence to support constructive

---

[2]We note both parties argued the abuse of discretion standard. In cases like this one, "where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error." United States v. Barragan, 379 F.3d 524, 528 (8th Cir. 2004) (quotation and modification omitted). We review the district court's legal conclusions de novo. Id. Whether we apply the plain error standard or the abuse of discretion standard to the factual findings, the stipulated facts sufficiently support the finding Maxwell had constructive possession of the stolen firearm.

possession based on strikingly similar facts), vacated on other grounds, 543 U.S. 1103, 125 S. Ct. 990 (2005).

Maxwell argues he never possessed the shotgun because he personally did not take the firearm out of the residence. Maxwell states Bradley carried the firearm out of the residence and placed it in the vehicle. Whether Bradley or Maxwell carried the firearm to the car is of little consequence because "[p]ossession [of the firearm] need not be exclusive, but may be joint." Ortega, 270 F.3d at 545. The stipulated facts strongly suggest Maxwell knew Bradley stole a shotgun. The police found the shotgun in the getaway vehicle used by Maxwell. Maxwell and Bradley were irrefragably engaged in a joint enterprise as co-conspirators, and Maxwell had joint possession of the firearm. At the plea hearing, before accepting the guilty plea, the district court expressly reviewed the stipulated facts and correctly reached the conclusion Maxwell committed the offense. "[S]ufficient evidence [existed] at the time of the plea upon which a court may reasonably determine that [Maxwell] likely committed the offense" of possessing the firearm. United States v. Gamble, 327 F.3d 662, 664 (8th Cir. 2003) (internal quotation omitted); see also Jackson, 365 F.3d at 655-56. Therefore, the requirement of Rule 11(b)(3) of the Federal Rules of Criminal Procedure that a factual basis exists for the plea was satisfied. Because Maxwell's argument that he did not have possession of the stolen shotgun is not a fair and just reason for withdrawing his guilty plea, no further inquiry regarding the denial of Maxwell's motion is necessary. See Austin, 413 F.3d at 857.[3]

---

[3]At the plea hearing, after the district court explained to Maxwell that possession of a firearm means there was no mistake, accident, or other innocent reason for the possession, Maxwell responded, under oath, "I am guilty, your Honor." We also note Maxwell filed his motion to withdraw in May 2006, almost four months after he entered his plea. As the government suggests, these facts indicate Maxwell probably had a change of heart after entering his guilty plea. See United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) (noting even a swift change of heart after entering a plea is not a fair and just reason for withdrawing the plea).

## III.   CONCLUSION

We affirm the judgment of the district court.

_____