# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3631

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Curtis Dane Teeter, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 15, 2008
Filed: April 6, 2009

_____

Before RILEY, BOWMAN, and COLLOTON, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Curtis Dane Teeter pleaded guilty to being an unlawful user of a controlled substance in possession of an explosive, 18 U.S.C. § 842(i)(3); being an unlawful user of a controlled substance in possession of a firearm, id. § 922(g)(3); and making a false statement to acquire a firearm, id. § 922(a)(6). The District Court[1] sentenced Teeter to three consecutive 120-month terms of imprisonment for a total term of 360 months. Teeter appeals and we affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

On June 19, 2005, law enforcement officers executed a search warrant at Teeter's residence[2] in Nixa, Missouri, and recovered eight firearms, ammunition, Trench-Rite explosive, dynamite, an MK66 model 1 rocket with an inert warhead, and literature on the manufacture of improvised explosive devices. Teeter admitted that he regularly used marijuana and acknowledged that the firearms, ammunition, explosives, and MK66 belonged to him. He also told police that he believed the MK66 was a harmless novelty item.

On May 10, 2006, Teeter pleaded guilty before the Magistrate Judge[3] to possessing an explosive and firearms as an unlawful user of a controlled substance and to making a false statement to acquire a firearm.[4] Teeter entered his guilty plea without the benefit of a plea agreement with the government. The District Court accepted Teeter's guilty plea, and the Probation Office prepared a Presentence Investigation Report (PSR) in which it recommended that Teeter's base offense level be increased by fifteen pursuant to § 2K2.1(b)(3)(A) of the United States Sentencing Guidelines (USSG) because the MK66 was a "destructive device that is a portable rocket." PSR at 8. Teeter objected to the enhancement, asserting that because "the [MK66] was purchased as a souvenir" and "contained no warhead explosive," the fifteen-level increase would be "inappropriate." Obj. to PSR at 2.

On April 19, 2007, Teeter filed a motion to withdraw his guilty plea, arguing that "neither he nor his attorney fully understood the sentencing ramifications and consequences of entering a guilty plea" because they were "unaware that the inert

---

[2]When officers executed the search warrant, Teeter's wife was living in the targeted residence while Teeter was living with his girlfriend at a nearby location.

[3]The Honorable James C. England, Chief Magistrate Judge, United States District Court for the Western District of Missouri.

[4]Teeter also pleaded guilty before the Magistrate Judge to a fourth count, but the government later dismissed the charge.

-2-

military surplus practice rocket would be considered in arriving at a sentence." Mot. to Withdraw Guilty Plea at 1, 2. The government opposed Teeter's motion to withdraw his guilty plea, and the District Court denied the motion on May 22, 2007.

On November 7, 2007, the District Court conducted a sentencing hearing. In support of the fifteen-level sentencing enhancement, the government called Sergeant Jeremy Daniels, a United States Army bomb disposal technician, who testified that he x-rayed the MK66 and determined that it contained a propellant and was in an "armed and functional state." Tr. of Sent. Proceedings at 22. Daniels further testified that he detonated the MK66 with plastic explosives and, based on the size of the resulting crater and other calculations, determined that the MK66 contained more than four ounces of propellant, as required to satisfy the statutory definition of a "destructive device." Teeter also testified at the sentencing hearing, stating that he purchased the MK66 at a roadside swap meet having no reason to believe it was dangerous. He further testified that because the MK66 was transported in the bed of his pickup truck and stored in a location accessible to his children, it was clear that he believed the device was harmless.

The court overruled Teeter's objection to the increase in his base offense level, finding that the fifteen-level enhancement was "proper" because Teeter possessed a "destructive device being a portable rocket or missile." Id. at 31. After application of the enhancement, Teeter's advisory Guidelines sentence was life in prison. The court sentenced Teeter to three consecutive 120-month terms of imprisonment—the statutory maximum for each of the three counts to which Teeter pleaded guilty—for a total term of 360 months.

On appeal, Teeter first argues that the District Court abused its discretion by denying his motion to withdraw his guilty plea. See United States v. Mugan, 441 F.3d 622, 630 (8th Cir.) (standard of review), cert. denied, 549 U.S. 890 (2006). Prior to sentencing, a defendant may withdraw his guilty plea if he can show "a fair and just

reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). In addition to a "fair and just reason" for withdrawal, a district court may consider whether the defendant asserts his legal innocence to the charge, the length of time between the guilty plea and the motion to withdraw, and whether the withdrawal would prejudice the government. See United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005). If a defendant fails to show a fair and just reason for withdrawing his plea, however, a district court need not address the remaining considerations. Id.

Teeter asserts that he provided a fair and just reason to withdraw his guilty plea because he "was unaware of the likely consequence of his plea and was deprived of his Constitutional right to a trial." Br. for Appellant at 13. Teeter's argument is unavailing. At the change-of-plea hearing, the Magistrate Judge thoroughly inquired into Teeter's understanding of the consequences of pleading guilty. Teeter acknowledged that he faced a range of punishment of not more than ten years' imprisonment on each of the three counts to which he was pleading guilty and that those "sentences could be run consecutively." Tr. of Hr'g on Change of Plea at 5. Teeter also acknowledged that the sentence imposed by the District Court might differ from what he and his attorney had anticipated and that such an outcome "standing alone would not give [him] the right to withdraw [his] plea of guilty." Id. at 6–7. "Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea, or for this court to reverse the district court." United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996), cert. denied, 522 U.S. 824 (1997). Because Teeter was specifically informed by the court that he faced up to thirty years in prison, any alleged misunderstanding Teeter later asserted about his ultimate sentence does not constitute a fair and just reason to withdraw his plea. See United States v. Burney, 75 F.3d 442, 444–45 (8th Cir. 1996). The District Court did not abuse its discretion in denying Teeter's motion to withdraw his guilty plea.

Teeter next asserts that the government presented insufficient evidence to establish that the MK66 was a "portable rocket" or "missile" for purposes of USSG § 2K2.1(b)(3)(A) and that the District Court thus erred by increasing his base offense level pursuant to that section. We review the District Court's interpretation of the sentencing guidelines de novo, and we review the court's findings of fact for clear error. See United States v. Mann, 315 F.3d 1054, 1055 (8th Cir.), cert. denied, 540 U.S. 848 (2003).

Section 2K2.1(b)(3)(A) provides for a fifteen-level increase if a defendant possesses "a destructive device that is a portable rocket, a missile, or a device for use in launching a portable rocket or a missile." Application Note 1 to § 2K2.1 refers to 26 U.S.C. § 5845(f) for the meaning of the term "destructive device," which in turn defines the term as, among other things, "any explosive [or] incendiary . . . rocket having a propellant charge of more than four ounces." 26 U.S.C. § 5845(f)(1). Sergeant Daniels, an experienced bomb disposal technician trained in identifying the existence and amount of explosive in a given device, testified at Teeter's sentencing hearing that the MK66 recovered from Teeter's residence was an "armed and functional" rocket containing "more than four ounces" of propellant. Tr. of Sent. Hr'g at 22, 23. The government presented sufficient evidence to prove each required element of the relevant statutory definition of "destructive device." Therefore, the evidence was sufficient to establish that Teeter possessed a "destructive device" as defined in § 5845(f). The District Court's findings were not clearly erroneous, and they provided ample support for the court's legal conclusion that the fifteen-level enhancement described in § 2K2.1(b)(3)(A) was appropriate in this case.

We affirm the judgment of the District Court.

_____