# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2991

_____

United States of America,                    *
                                              *
                    Appellee,                 *
                                              *     Appeal from the United States
           v.                                 *     District Court for the
                                              *     Northern District of Iowa.
Kevin J. McMullin,                            *
                                              *     [UNPUBLISHED]
                    Appellant.                *

_____

Submitted: October 5, 2009
Filed: October 8, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kevin J. McMullin pleaded guilty to conspiracy to manufacture and distribute more than 50 grams of pure methamphetamine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (c)(1)-(2), 846 and 851. The district court[1] sentenced McMullin to 240 months in prison (the statutory minimum) and 10 years of supervised release. On appeal, McMullin's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), seeking to withdraw and arguing that the district court should have allowed McMullin to

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

withdraw his guilty plea because his plea counsel did not adequately inform McMullin of the relationship between the government's burden of proof at trial and the applicability of the statutory minimum sentence. We affirm.

After a careful review of the record, we conclude the district court did not abuse its discretion in denying McMullin's motion to withdraw his guilty plea. See United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (although defendant seeking to withdraw plea before sentencing is given more liberal consideration, he has no absolute right to do so, and decision to deny motion is in district court's sound discretion); United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996) (standard of review; court may grant motion to withdraw guilty plea if defendant files such motion before sentencing and establishes fair and just reason for withdrawing plea). McMullin acknowledged in both his plea agreement and at the plea hearing that his guilty plea was voluntary and knowing, and that he understood he was subject to a 20-year mandatory minimum sentence; he also acknowledged that the government would establish at trial that he had conspired to manufacture and distribute 52.1 grams of pure methamphetamine, and that he had a prior felony conviction for a drug offense. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Accordingly, he did not have a fair and just reason for withdrawing his plea. See United States v. Maxwell, 498 F.3d 799, 801-02 (8th Cir. 2007) (where defendant stipulated to facts in plea agreement sufficient for court to determine that defendant committed pled-to offense, defendant's later claim that factual basis was insufficient to support conviction was not fair and just reason for withdrawing guilty plea); United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (when defendant stated at plea hearing he understood, later conclusory claim that he did not rings hollow); United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" (citation omitted)). To the extent McMullin is arguing that he received ineffective assistance of counsel, we

decline to address the argument. <u>See</u> <u>United States v. Cain</u>, 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance-of-counsel claim should be raised in 28 U.S.C. § 2255 motion).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel leave to withdraw on condition that counsel inform McMullin about the procedures for filing petitions for rehearing and for certiorari.

_____