# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2444

_____

United States of America,      *
                               *
            Appellee,          *
                               *      Appeal from the United States
      v.                       *      District Court for the
                               *      Eastern District of Missouri.
Alforingia Mathews, also known as  *
Fats,                          *          [UNPUBLISHED]
                               *
            Appellant.         *

_____

Submitted: February 12, 2010
Filed: April 13, 2010

_____

Before RILEY[1], Chief Judge, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

        In December 2008, Alforingia Mathews pled guilty to two counts of possessing a firearm during a crime of violence. Following the district court's[2] acceptance of his

_____

        [1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

        [2]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

plea, Mathews sought to withdraw it. The district court denied Mathews's request and sentenced him to 25 years imprisonment. We affirm.

## I.

In September 2008, a federal grand jury returned a seven-count indictment against Mathews, charging him with car-jacking, robbery, and two counts (Counts II and VII) of being in possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). In December 2008, Mathews and his attorney, Kevin Curran, appeared before the district court, where Mathews pled guilty to Counts II and VII, pursuant to a plea agreement. The plea agreement provided that the government, at its discretion, could file a motion for a downward departure in sentence under United States Sentencing Commission, Guidelines Manual, §5K1.1 (Nov. 2007) and 18 U.S.C. § 3553(e). The parties also agreed on a non-binding sentencing recommendation of five years on Count II and 25 years on Count VII. See 18 U.S.C. § 924(c)(1)(A)(i), (C)(i) (providing for a 5-year mandatory minimum sentence for the first violation of § 924(c)(1)(A), and a 25-year mandatory minimum sentence for each subsequent violation).

At the plea hearing, the court questioned Mathews about the voluntariness of his plea. The attorney for the government summarized the range of punishment in the case:

> MR. STEVENS: Yes, sir. Count II, the first count to which the defendant is pleading guilty, Your Honor, is possessing a firearm in furtherance of a crime of violence, that being motor vehicle jacking. As well as Count VII is also possessing a firearm in furtherance of a crime of violence, motor vehicle jacking.
>     The penalties for Count II are imprisonment of not less than five years and not more than life consecutive to all other sentences, or a fine of not more than $250,000 or both. . . . That mandatory minimum

sentence of five years is consecutive to all other sentences set forth in 18 USC section 924(c)(1)(A)(i).

As to Count VII, Your Honor, the mandatory minimum sentence is 25 years and not more than life, consecutive to all other sentences, or a fine of not more than $250,000 or both. . . .

THE COURT: You understand that, Mr. Mathews?

THE DEFENDANT: Yes, sir.

(Change of Plea Hr'g Tr. 3:16-4:12.) After the government's attorney presented the facts that would be proven at trial, the district court explained Mathews's right to proceed to trial. The court also asked Mathews whether any threats or promises had been made to him to secure his plea:

THE COURT: How about that, Mr. Mathews, any threats or promises beyond what's in this plea agreement you signed to get you to plead guilty?

THE DEFENDANT: Just lesser time, that's all.

MR. CURRAN: Judge, that's pursuant to -- Judge, on page 7.

THE COURT: I see cooperation is part of the agreement?

MR. CURRAN: Yes, and that's been the discussions regarding that, page 7, paragraph 10.

THE COURT: That's what you're referring to, Mr. Mathews?

THE DEFENDANT: As far as me -- as far as me filing my motion, I mean waiving my motions, it supposed to went down to 25. I mean, I -- I mean, I want to go to trial. I want to go to trial. I want to go to trial.

(Id. 8:11-9:1.) After Mathews conferred with his attorney off the record, the hearing continued:

THE DEFENDANT: I want to continue my plea.

THE COURT: Very well. I think I was at the point asking you -- we were talking about any threats or promises, and you were mentioning that there was a cooperation promise where your time could get down to 25 years or somewhere or perhaps better depending upon the circumstances, which neither one of us are aware of at this time. But

beyond that are there any threats or promises beyond that to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Are you pleading guilty because you are, in fact, guilty, you did commit these offenses?

THE DEFENDANT: Yes, sir.

THE COURT: How do you plead?

THE DEFENDANT: Guilty.

(Id. 9:6-20.) The court accepted Mathews's plea and scheduled a sentencing hearing.

Following his plea hearing, Mathews wrote two letters to the district court, claiming that his attorney had lied to him about the amount of prison time he would face if he pled guilty. Mathews stated that his attorney told him that he would get between eight and ten years imprisonment. Mathews asked to withdraw his plea of guilty and that the court appoint new counsel. Mathews reiterated these arguments at his sentencing hearing. The district court refused Mathews's request to withdraw his plea and, after granting the government's motion to depart downward on Count II under §5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), sentenced Mathews to zero months imprisonment on Count II and 25 years imprisonment on Count VII.

II.

Mathews appeals the district court's denial of his request to withdraw his plea, arguing that his plea was the product of false promises from his attorney. To the extent that Mathews argues that his plea was not voluntary, we review de novo. See United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) ("Whether a plea was knowing and voluntary is a mixed question of law and fact that we review *de novo*."). If we determine that a plea was knowing and voluntary, "[t]his court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion." United States v. Murphy, 572 F.3d 563, 568 (8th Cir.), cert. denied 130 S. Ct. 761 (2009) (quoting

-4-

United States v. Rollins, 552 F.3d 739, 741 (8th Cir.), cert. denied 130 S. Ct. 459 (2009)).  A defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  "While the 'fair and just' standard is a liberal one, we are mindful that the plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same."  United States v. Thompson, 906 F.2d 1292, 1298 (8th Cir. 1990) (quotation omitted).  "Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea, or for this court to reverse the district court."  United States v. Teeter, 561 F.3d 768, 770-71 (8th Cir. 2009) (quotation omitted).

Mathews argues that the district court failed to adequately inquire into and determine that his plea was voluntary and not the product of threats or promises, as required by Rule 11.  See Fed. R. Crim. P. 11(b)(2) ("Before accepting a plea of guilty . . . , the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).").  We disagree, as this argument is belied by Mathews's statements at his plea hearing.  The district court discussed with Mathews the substance of his plea agreement and the possible sentence he was facing.  When the court asked Mathews if anyone had promised him anything, Mathews responded "Just lesser time, that's all."  (Change of Plea Hr'g Tr. 8:14.)  Mathews's attorney clarified that this was regarding a possible cooperation agreement under §5K1.1, contained in the plea agreement.  When the court asked if that was what Mathews was referring to, Mathews stated that his sentence was "supposed to went down to 25," which is the possible sentence laid out in the plea agreement.  (Id. 8:24-25.)  After Mathews conferred off the record with his attorney, the court clarified that "there was a cooperation promise where your time could get down to 25 years or somewhere or perhaps better depending upon the circumstances, which neither one of us are aware of at this time."  (Id. 9:9-12.)  The court then asked whether there were any threats or

promises "beyond that" to get Mathews to plead guilty, and Mathews responded that there were not.

We find that the district court complied with the requirements of Rule 11(b), as our de novo review of the transcript satisfies us that Mathews's plea was knowing and voluntary. Mathews stated unequivocally that, apart from a possible downward departure for substantial assistance, which was properly contained in the plea agreement, there were no other promises that induced him to plead guilty. At most, the transcript shows that Mathews may have misunderstood how the government's motion would affect his sentence. This does not qualify as a "fair and just" reason to withdraw a plea. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006). As such, the district court did not abuse its discretion in denying Mathews's motion to withdraw his plea.

III.

For the foregoing reasons, we affirm.

_____