# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1735

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Southern |
| | * District of Iowa. |
| Hector Manuel Avila-Luna, also known | * |
| as Fernando Lopez, also known as | * [UNPUBLISHED] |
| Manuel Arturo Avila-Luna, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted: January 15, 2010
Filed: August 2, 2010

_____

Before LOKEN,[1] Chief Judge, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Hector Manuel Avila-Luna pleaded guilty, pursuant to a plea agreement with the government, to one count of conspiracy to distribute marijuana and methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) and (b)(1)(C) and 21 U.S.C. § 846. He subsequently filed a motion to withdraw his guilty plea, which the

_____

[1]The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010. He has been succeeded by the Honorable William Jay Riley.

district court[2] denied. The case proceeded to sentencing and Avila-Luna was sentenced to life imprisonment, the applicable mandatory minimum based on his previous felony drug convictions. This appeal followed. We affirm.

I.

Avila-Luna appeals the district court's denial of his motion to withdraw his guilty plea. We review the district court's denial of a motion to withdraw a plea of guilty for abuse of discretion. United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005). "Whether [a guilty] plea was knowing and voluntary is a mixed question of law and fact that is reviewed de novo." Id. "Prior to sentencing, a defendant may withdraw a guilty plea if he can show a fair and just reason for requesting the withdrawal." Id. If the defendant establishes a fair and just reason, then the "court should also consider whether the defendant has asserted his innocence to the charge, the length of time between the guilty plea and the motion to withdraw, and whether the government will be prejudiced by the withdrawal." United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005). "If a defendant fails to establish a fair and just reason for withdrawing the guilty plea, the district court need not address the remaining factors." Smith, 422 F.3d at 724.

Our review of the record indicates that Avila-Luna's plea was knowing and voluntary. He was informed on several occasions that he faced a mandatory minimum of life imprisonment, and he indicated that he understood the sentencing ramifications of pleading guilty. With regard to the possibility that the government might file a substantial assistance motion, the plea agreement signed by Avila-Luna stated:

[2]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

17. <u>United States Attorney's Motion</u>. At the sole discretion of the United States Attorney regarding the making of a motion, and upon motion by the United States Attorney stating that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the Court may depart from Guidelines. The Defendant understands and agrees a proffer interview or a debriefing statement is not, by itself, substantial assistance to the government, and that a motion for downward departure will not be filed until the defendant has fully completed the defendant's cooperation. Completion of defendant's cooperation will be determined by the United States Attorney's office, in its sole discretion.

These terms were reiterated at Avila-Luna's plea hearing, and he specifically testified that no promises other than those contained in the written plea agreement were made to him.

Nonetheless, Avila-Luna argues that he should have been permitted to withdraw his knowing and voluntary plea because the original prosecutor handling his case became terminally ill and was unable to see the case through to sentencing. Avila-Luna cites no authority, and we find none, to support his argument that a change in the prosecutor working the case serves as a "fair and just" reason to withdraw his plea. Avila-Luna believes that he may have received a substantial assistance motion from the government if the original prosecutor had remained involved. He also asserts that the "new prosecutor . . . [was] too far removed from the subjective process of the previous plea negotiations and unable to properly quantify and analyze the defendant's cooperation." After several opportunities, Avila-Luna failed to provide the government with the type of information that would warrant a substantial assistance motion. Nothing in the record indicates that the government acted unreasonably in its decision not to make a substantial assistance motion. Accordingly, Avila-Luna failed to demonstrate a fair and just reason why he should be allowed to withdraw his plea.

The judgment of the district court is affirmed.

_____