# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2795

_____

United States of America

*Plaintiff - Appellee*

v.

Gary Albert Collyard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 16, 2014
Filed: May 21, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gary Albert Collyard pled guilty to conspiracy to commit securities fraud and conspiracy to commit bank fraud. The district court[1] denied his motion to withdraw

_____

[1] The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

his guilty plea.  Collyard appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

At the change-of-plea hearing, on a Monday, the district court asked Collyard whether he had taken any illicit, prescription, or over-the-counter drugs within the last 24 hours.  He replied that he was currently prescribed hydrocodone (for eyelid surgery four days earlier).  He said he had not taken it since Saturday, but had taken only the prescribed amount of Tylenol within the last 24 hours.  When the court asked if the drugs affected his ability to think clearly, Collyard said, "No, Your Honor."  Defense counsel later said "Mr. Collyard has exhibited very rational, logical thinking as part of this process here."

Ten months later, Collyard moved to withdraw his guilty plea due to ineffective assistance of counsel.  Fourteen months after the guilty plea, he moved to withdraw his plea due to mental impairment from the use of hydrocodone, expressly waiving the ineffective assistance of counsel claim.

Collyard presented three witnesses at the evidentiary hearing on his motion. First, his ex-wife testified she stopped helping him take his hydrocodone on the Saturday before the change-of-plea hearing, and did not know if he took it the day of the plea.  She drove him to the courthouse where he left the vehicle and entered the courthouse on his own.  She returned to pick him up after he called her.  Second, Collyard's business partner testified he had several lengthy phone conversations with him between his surgery and the day he pled guilty.  The partner, however, could not remember the substance of the conversations.  He said Collyard did not seem like himself during that time, but the partner also did not know if Collyard had taken hydrocodone. Finally, a forensic toxicologist testified that Collyard's prescribed dose of hydrocodone would have caused impaired judgment.  The toxicologist admitted

that hydrocodone affects people differently, that he also did not personally know about Collyard's use of hydrocodone after his surgery, and that if Collyard had taken it on Saturday, it would not have affected him two days later at the change-of-plea.

The district court denied Collyard's motion to withdraw his plea of guilty, finding "neither medication nor residual pain impaired Defendant's judgment at the plea hearing on February 27, 2012 . . . ." *United States v. Collyard*, No. 12-CR-58, 2013 WL 2318141, at *9 (D. Minn. May 28, 2013).

## II.

"A guilty plea may be withdrawn before sentencing if the defendant demonstrates a 'fair and just reason' for the withdrawal." *United States v. Mugan*, 441 F.3d 622, 630 (8th Cir. 2006), *quoting* Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of showing fair and just grounds for withdrawal." *Id*. at 630-31. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Maxwell*, 498 F.3d 799, 801 (8th Cir. 2007). "Whether [a] plea was knowing and voluntary is a mixed question of fact and law that we review de novo." *United States v. Gray*, 152 F.3d 816, 819 (8th Cir. 1998).

Collyard argues (1) his guilty plea was involuntary due to his use of hydrocodone, and (2) the district court abused its discretion in concluding that he was competent and not under the influence of hydrocodone.

As the district court found, Collyard's plea was voluntary. First, he did not present evidence that he was actually under the influence of hydrocodone when he pled guilty. None of his witnesses knew if he took it. Their observations that he was tired and didn't seem like himself do not overcome his own sworn testimony that he did not take it. Further, Collyard's answers during the lengthy colloquy with the judge show he fully understood the proceedings. *See United States v. Rollins*, 552

F.3d 739, 741-42 (8th Cir. 2009) (finding the consumption of prescription medication 48 hours before a plea would not render it invalid where the defendant told the court he had not taken any mind-altering substances and demonstrated competence during the Rule 11 colloquy).

The district court did not abuse its discretion in denying Collyard's motion. The district court considered evidence from both the change-of-plea and evidentiary hearings. The district court properly weighed the evidence and made credibility determinations, all of which are supported by the record.

\* \* \* \* \* \* \*

The district court's judgment is affirmed.

_____