# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2695

_____

United States of America,

*Plaintiff - Appellee,*

v.

Roger Ross White Owl,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: May 13, 2019
Filed: August 8, 2019

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Roger White Owl pleaded guilty to one count of abusive sexual contact. At sentencing, White Owl moved to withdraw his guilty plea on the ground that he had not fully understood some of its consequences. The district court[1] denied the request

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

without an evidentiary hearing and sentenced White Owl to time served. White Owl appeals, and we affirm.

A grand jury charged White Owl with abusive sexual contact committed in Indian country. *See* 18 U.S.C. §§ 2244(b), 1153. On the day before trial, White Owl agreed to plead guilty pursuant to a written agreement. The plea agreement stated that White Owl would be ordered to "make restitution for all loss caused by [his] conduct," and provided that the government would "[r]ecommend that [White Owl] be ordered to pay restitution (if any) to the victim in this case." The agreement also stated that White Owl "must register as a sexual offender and keep such registration current." The district court accepted White Owl's plea, and the case proceeded to sentencing.

At the sentencing hearing, White Owl requested to withdraw his guilty plea. White Owl said that after he entered his plea, a probation officer told him that the conviction would require him to register as a sex offender, to pay restitution, and to attend a sex offender treatment program. White Owl objected to participating in a treatment program that would require him to admit sexual contact with the victim, and he worried that failure in treatment would result in more punishment. White Owl claimed that he did not touch the victim, and pleaded guilty only to avoid jail time. White Owl also asserted that he had raised these concerns with his attorney immediately after speaking with the probation officer, but the attorney "wasn't able to do what was needed to be done" due to medical problems.

The district court concluded that White Owl had not presented a "fair and just reason" for withdrawal and that his request was untimely. Taking White Owl's concerns into account, however, the court sentenced him to time served and did not order him to pay restitution or participate in a sex offender treatment program. White Owl contends on appeal that the district court should have held an evidentiary hearing on his request to withdraw the guilty plea. We need not resolve whether White Owl

waived his right to appeal this point, because even if the claim is not barred by agreement, he is not entitled to relief.

A defendant may withdraw a guilty plea after it has been accepted by the court, but before the court imposes sentence, if he shows "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A court need not convene an evidentiary hearing if there are no material issues of fact to resolve. *See United States v. Alvarado*, 615 F.3d 916, 920 (8th Cir. 2010).

White Owl contends that he provided "enough specific facts" to warrant an evidentiary hearing, but we conclude that none of White Owl's proffered grounds would constitute a fair and just reason to withdraw his guilty plea. The information that White Owl claimed to learn belatedly from a probation officer was disclosed to him in the plea agreement, so there is nothing new that would justify withdrawing the plea.

White Owl claimed that after pleading guilty, he learned from a probation officer that he would have to register as a sex offender, pay restitution, and attend a sex offender treatment program. The registration requirement and the possibility of restitution, however, were expressly mentioned in White Owl's plea agreement. A paragraph of the agreement, emphasized by its own heading, discussed White Owl's future obligations under the Sex Offender Registration and Notification Act. White Owl also "acknowledge[d] and agree[d]" that the district court would order him to make restitution for any losses that he had caused. The agreement further stated that the government would recommend that White Owl pay any applicable restitution. At his change of plea hearing, White Owl twice confirmed to the district court that he read the plea agreement before signing it. He also said that he had discussed the agreement with his attorney. Because White Owl was specifically informed of the registration and restitution consequences of his conviction, the probation officer's

-3-

reiteration of these points is not a fair and just reason to withdraw his plea. *See United States v. Teeter*, 561 F.3d 768, 771 (8th Cir. 2009).

White Owl also had fair notice that participating in sex offender treatment could be a condition of his supervised release. The plea agreement stated that the government would recommend five years of supervised release. The agreement also noted that the district court would be required to take into account the United States Sentencing Commission Guidelines Manual. The Guidelines Manual, in turn, recommends participation in a treatment program as a special condition of supervised release for defendants convicted of sex offenses. *See* USSG § 5D1.3(d)(7)(A). So while the possibility of sex offender treatment was not expressly stated in the plea agreement, White Owl knew that he would be subject to supervised release and that the sentencing guidelines would apply to his case. Given the notice to White Owl in the plea agreement about supervised release and the sentencing guidelines, his alleged surprise about a condition of supervised release recommended by the guidelines is not a fair and just reason to withdraw his plea. *Cf. United States v. Davis*, 583 F.3d 1081, 1090-91 (8th Cir. 2009).

White Owl's desire to avoid sex offender treatment was not a fair and just ground for withdrawing his plea for another reason: the district court did not order such treatment. White Owl premised his request to withdraw the plea on the theory that his purported inability to succeed in a sex offender treatment program would lead to future punishment. But the district court accounted for that worry by declining to order any sex offender treatment. Just before ruling on White Owl's request to withdraw the plea, the court explained that it had "not imposed any special conditions of supervised release that Mr. White Owl was concerned about." White Owl's apprehension about sex offender treatment was therefore no reason to withdraw his guilty plea.

On appeal, White Owl attempts to recast his confusion about the consequences of pleading guilty as an allegation that his attorney was "ineffective for failing to advise him" of those consequences. We decline to address that claim at this juncture. The record in this case is not sufficiently developed to address alleged deficient performance by counsel, and deferring the issue to a collateral proceeding under 28 U.S.C. § 2255 would not result in a miscarriage of justice. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). White Owl never offered attorney performance as a ground for withdrawing his guilty plea (he cited counsel's health only as an excuse for the *timing* of his request), so a remand for an evidentiary hearing is not warranted.

The judgment of the district court is affirmed.

_____