# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2417

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Robert C. Green, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 11, 2007
Filed: April 8, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

Robert Green was charged with kidnaping and two firearm offenses after he brandished a handgun while forcing a young woman to ride with him from Kansas City to Omaha to engage in prostitution. On the scheduled trial day, Green pleaded guilty to the firearm charges -- felon in possession and brandishing the firearm during a crime of violence. See 18 U.S.C. §§ 922(g), 924(c). The government agreed to dismiss the kidnaping charge, and the parties agreed that Green would be sentenced to ten years in prison. See Fed. R. Crim. P. 11(c)(1)(C). Before sentencing, Green moved to withdraw the plea because it was not knowing and voluntary and the factual basis for the § 924(c) count did not establish a predicate crime of violence. The

district court[1] denied the motion and sentenced Green consistent with the plea agreement. Green appeals. We affirm.

## I.

We summarize as our necessary starting point the facts stated by counsel for the government when invited by the district court to provide a factual basis for the plea at the change-of-plea hearing. In May 2006, Green approached the nineteen-year-old victim in a grocery store parking lot and said he needed someone with a photo ID to help receive a Western Union money order from his sister. The victim agreed to help, but Green's sister refused to wire money to a stranger. The victim then "agreed to hang out" with Green, and they rode in Green's car until they found his cousin, Micah Richardson, who helped Green complete the money transfer. After Green dropped off Richardson, instead of taking the victim home, he drove onto an interstate highway, brandished a firearm, and declared they were going to Omaha, "no 'ifs,' 'ands,' or 'buts.'" The victim objected. Green headed back to Kansas City, but when the victim tried to leave the car at a stop sign, Green accelerated, returned to the highway, and repeated that they were going to Omaha, "no 'ifs,' 'ands,' or 'buts.'"

Taking back roads to Omaha, Green forced the victim to perform oral sex en route and talked about her making money as a prostitute in Omaha. Seeking to "win his trust," the victim pretended to agree while contemplating escape. In Omaha, Green pulled into a gas station and told the victim to find a green car that appeared to be looking for a prostitute. The victim instead approached a man walking alone and asked him to walk with her away from the gas station. Out of Green's sight, the victim told the man, George Lee, that she was in trouble. Lee led her to his house where she called 911. The police found and arrested Green, who locked his keys in

---

[1]The HONORABLE JOSEPH F. BATAILLON, Chief Judge of the United States District Court for the District of Nebraska.

the car as the officers approached. Green made a statement admitting contact with the victim but denying he had taken her against her will. A warrant search of his car produced a gun matching the victim's description underneath the driver's seat.

In response to the court's questions at the conclusion of this statement, Green agreed the prosecutor had described the evidence Green and his attorney discussed in preparing for trial, admitted he transported the victim to Omaha and possessed "the firearm in question," but asserted the trip "was not against her will." The court accepted the plea, finding "a knowing and voluntary plea of guilty supported by an independent basis in fact concerning each of the essential elements of the offenses charged in the superseding indictment."

Two weeks before sentencing, Green moved *pro se* "for a new trial," asserting that his guilty plea was coerced by counsel's ineffective assistance in failing to subpoena a witness for trial "who told counsel that she placed the handgun in the car." Defense counsel withdrew, and the court continued the sentencing and appointed new counsel, who filed a motion to withdraw Green's guilty plea because (i) it was coerced by prior counsel's failure to subpoena two witnesses who would have established Green's innocence, and (ii) the § 924(c) count lacked a sufficient factual basis because Green only admitted a violation of the Mann Act, which is not a "crime of violence" for purposes of § 924(c).

## II.

After his guilty plea is accepted but before sentencing, a defendant may be permitted to withdraw the plea for "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no *right* to withdraw; "the plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom." United States v. Fitzhugh, 78 F.3d 1326, 1328 (8th Cir.) (quotation omitted), cert. denied, 519 U.S. 902 (1996). If the district court conducted the colloquy mandated by Rule 11(b) and

-3-

found the plea knowing and voluntary at the change-of-plea hearing, the court in evaluating a subsequent motion to withdraw considers "whether the defendant has established a fair and just reason to withdraw the plea," and if so, "whether the defendant asserts his legal innocence of the charge, the length of time between the plea and the motion to withdraw, and whether the government will be prejudiced by the withdrawal." United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998). We review the court's decision to deny a motion to withdraw for abuse of discretion. Id. Whether a plea was knowing and voluntary is a mixed question of law and fact that we review *de novo*. United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005).

**A. The Alleged Missing Witnesses.** At the hearing on the motion to withdraw, counsel made "a proffer" as to Green's understanding and state of mind at the time of the plea, without offering evidence in support. Counsel asserted that, on the morning of trial, Green understood from his attorney that Micah Richardson was not present and that counsel had not subpoenaed Michelle Kendrick, Green's former girlfriend and owner of the car he drove to Omaha with the victim. As Richardson would testify that the victim was in the car voluntarily, and Kendrick would testify she had hidden the gun in the car, counsel's ineffective assistance deprived Green of evidence critical to his defense, leaving him no choice but to plead guilty.

The government responded that Richardson was present at the courthouse waiting to testify at trial as a government witness. Though Richardson would have testified that the victim was in Green's car consensually while Richardson was with them, he was dropped off before the victim claimed Green began forcing her to go to Omaha. As for potential witness Kendrick, the government noted that, even if she previously hid the handgun in the car, she was not present when the victim claimed that Green brandished the firearm while taking her to Omaha. Thus, neither witness would have established or even seriously advanced Green's innocence. At the end of the hearing, the court denied the motion, again finding that Green entered "a knowing and informed plea of guilty . . . . What I hear is buyer's remorse. . . . And as far as

-4-

I'm concerned, his lawyer did a great job for him . . . . [H]e doesn't have enough evidence to get by a plea of guilty that was accepted by the court." We agree.

At the change-of-plea hearing, Green satisfied the district court that he was competent and capable, was knowingly and intelligently waiving his rights, and was satisfied with his attorney's services. These "[s]olemn declarations in open court carry a strong presumption of verity." Fitzhugh, 78 F.3d at 1329 (quotation omitted). Green's "self-serving, post-plea claims that he was . . . unable to voluntarily choose to plead guilty fly directly in the face of his own plea hearing testimony before the district court." Gray, 152 F.3d at 820. Indeed, Green's claim of "duress" was unsupported by any evidence other than counsel's proffer as to Green's prior state of mind. On this record, we have little difficulty concluding that Green "failed to establish that his plea was involuntary and failed to show ineffective representation of counsel." United States v. Boone, 869 F.2d 1089, 1092 (8th Cir. 1989). We agree with the district court that Green's alleged duress on the day of trial was not a fair and just reason to permit him to withdraw the plea.

**B. The § 924(c) Count.** Count I of the three-count superseding indictment charged that Green kidnaped the victim by taking her in Kansas and transporting her against her will to Nebraska in violation of 18 U.S.C. § 1201(a). Count II alleged that Green used a firearm "during and in relation to a crime of violence" by brandishing a firearm "during the kidnaping charged in Count I" in violation of 18 U.S.C. § 924(c). Count III was the felon-in-possession charge. After Green pleaded guilty to Counts II and III, the government dismissed Count I.

Like 18 U.S.C. § 16(b), § 924(c)(3)(B) defines "crime of violence" to include a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." See generally Leocal v. Ashcroft, 543 U.S. 1 (2004). Without question, kidnaping is a crime of violence for purposes of § 924(c). See United States v.

Wright, 340 F.3d 724, 731-32 (8th Cir. 2003). Early in the change-of-plea hearing, the court explained to Green what the government must prove beyond a reasonable doubt if he adhered to his plea of not guilty:

> As far as count two is concerned, the government would have to prove that you committed the crime of unlawfully and willfully seizing, confining, kidnaping, abducting, or carrying away for ransom, reward, or otherwise, a female, by taking said female against her will in Kansas City, Kansas, and transporting her in interstate commerce to the state of Nebraska.
>
> They would also have to prove that during and in relation to the commission of that crime you knowingly used, brandished, or carried [the alleged] firearm.

As noted previously, after the prosecutor recited the factual basis for the plea, Green confirmed that he transported the victim to Omaha with the firearm but did not agree it was against her will. Defense counsel then interjected:

> Judge, for purposes of a factual basis . . . the felon in possession is obvious. . . . As to the use or carrying of the firearm during the commission of a crime of violence, we do not agree that the crime of violence would be the kidnaping, but a violation of the Mann Act, which is transporting someone across state lines for purposes of prostitution.

Government counsel then added that, as the Mann Act is found in Chapter 117 of Title 18, a Mann Act violation is a crime of violence for purposes of the Bail Reform Act. See 18 U.S.C. § 3156(a)(4)(C).[2] In accepting the plea, the district court stated that it

_____

[2]Government counsel was ill-advised to suggest that the court accept a plea to the § 924(c) charge based upon a different crime of violence than alleged in Count II of the indictment. That procedure can raise serious issues of fair notice and proper pleading. See United States v. Bradley, 381 F.3d 641, 646-47 (7th Cir. 2004).

was "supported by an independent basis in fact concerning each of the essential elements of the offenses charged in the superseding indictment."

In his motion to withdraw the plea, Green argued that a Mann Act offense is not a crime of violence within the meaning of § 16(b) as construed in Leocal, which in turn governs the proper interpretation of § 924(c). Therefore, he argues on appeal, the district court lacked "jurisdiction" to accept his plea of guilty to Count II. The issue is not jurisdictional, because Count II of the superseding indictment did not fail to charge a federal offense. See United States v. Pemberton, 405 F.3d 656, 659 (8th Cir. 2005); Hayle v. United States, 815 F.2d 879, 881-82 (2d Cir. 1987). Rather, the issue is whether there was an adequate factual basis for the plea, see Fed. R. Crim. P. 11(b)(3), and if not, whether its absence provided Green with a sufficiently fair and just reason to withdraw his plea.[3] "[A] factual basis for a plea of guilty is established when the court determines there is sufficient evidence at the time of the plea upon which the court may reasonably determine that the defendant likely committed the offense." United States v. Marks, 38 F.3d 1009, 1012 (8th Cir. 1994).

On appeal, the parties focus at length on an unresolved issue -- whether a Mann Act violation is a crime of violence for purposes of § 924(c). We conclude we need not -- indeed, should not -- address that question. To convict, the government must prove that a defendant charged with violating § 924(c) used a firearm in committing a specific crime of violence. Here, Count II charged Green with brandishing a firearm while committing the offense of kidnaping charged in Count I. In a handwritten portion of his Petition to Enter a Plea of Guilty, Green wrote that he "possessed the firearm during the commission of another offense that would be deemed a crime of violence." At the change-of-plea hearing, the factual basis for the plea to Count II included a lengthy recital of what the victim's testimony would have been had the

---

[3]Even if this contention were sound, we doubt but need not decide whether it would undermine Green's guilty plea to Count III, the felon-in-possession charge. See United States v. Morgan, 958 F.2d 847, 849-50 (8th Cir. 1992).

case gone to trial that day. That the government later dismissed Count I is irrelevant to the issue before us, since a § 924(c) defendant need not be *convicted* of the underlying crime of violence. Myers v. United States, 993 F.2d 171, 172 (8th Cir. 1993). Likewise, Green's assertion that he did not transport the victim against her will did not undermine the factual basis for his plea of guilty to Count II as charged in the indictment because a kidnaping victim's testimony that she was transported involuntarily is "normally sufficient" on that issue. Wright, 340 F.3d at 731 (quotation omitted). In these circumstances, the district court reasonably determined at the conclusion of the change-of-plea hearing that the stated factual basis for the plea included sufficient evidence to conclude that Green likely committed the § 924(c) offense *charged in the superseding indictment*, namely, brandishing a firearm while kidnaping the victim. Therefore, Green failed to show a fair and just reason to withdraw his plea of guilty to Count II.

The judgment of the district court is affirmed.

_____