# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-2124
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Antwon Andolini,
formerly known as Edward Sistrunk

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 12, 2012
Filed: February 1, 2013
[Published]

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Antonio Antwon Andolini pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Before sentencing, he moved to withdraw his plea. The district

court[1] denied the motion, sentencing him to 54 months' imprisonment. Andolini appeals the denial of his motion to withdraw his plea.

Andolini used stolen identities to obtain housing and public assistance benefits, credit cards, and cash. At a change-of-plea hearing, he entered a plea agreement including stipulations to specific offense characteristics. But before sentencing, he requested that counsel move to withdraw the plea. Andolini explained he would provide grounds for withdrawal at a hearing on the motion. The district court addressed the motion at the sentencing hearing, where Andolini accused his counsel of deceiving and misleading him and contested the factual basis for agreed-upon sentence enhancements.

A defendant may withdraw a guilty plea after the court accepts it but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "There is no *right* to withdraw; the plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom." *United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008) (internal quotation marks omitted). "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Osei*, 679 F.3d 742, 746 (8th Cir. 2012).

Andolini claims that he "set forth valid reasons for withdrawal of the plea, including dissatisfaction with communication by his counsel that led to a misunderstanding of the terms of his plea agreement."

"Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if the defendant demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." *United States v. Buck*, 661 F.3d 364,

---

[1]The Honorable John R. Tunheim, United States District Court for the District of Minnesota.

370 (8th Cir. 2011). Establishing deficient performance requires showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Establishing prejudice requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Andolini expressed dissatisfaction with counsel at sentencing, but dissatisfaction alone does not establish deficient performance or prejudice. Andolini does not argue that counsel's performance fell below an objective standard of reasonableness or that but for unprofessional errors by counsel, the result of the proceeding would likely have been different. Further, at the change-of-plea hearing, Andolini actually expressed satisfaction with counsel, explaining that while he wished counsel could have done a little more, he had done "a fair job," that Andolini was "happy with what is going on here today" and was "comfortable moving forward."

Insofar as Andolini faults his counsel for advising him to agree to the enhancements he now contests, his argument fails because the enhancements have a clear factual basis. He specifically asserts that though the agreement stipulated an enhancement for ten or more victims, its factual basis referenced only eight victims. The agreement in fact explicitly states that there were "at least 17 different victims," and specifically lists 8 individuals and 3 institutions. Andolini confirmed its accuracy at the change-of-plea hearing, after declining the court's offer to go through the victims' names individually.[2]

---

[2]Andolini also declined the court's offer of a continuance at the sentencing hearing.

Andolini also contends that the agreement's stipulation of an enhancement for relocation-of-the-scheme was not supported by the evidence. He claims that he moved from Minnesota to South Dakota for a job, not to evade law enforcement.

The enhancement was pursuant to U.S.S.G. § 2B1.1(b)(10), which states:

> If (A) the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials; (B) a substantial part of a fraudulent scheme was committed from outside the United States; or (C) the offense otherwise involved sophisticated means, increase by 2 levels.

At sentencing, the district court stated that it was applying the two-level increase "because the offense involved sophisticated means," and then gave examples. Even if Andolini's relocation was not to evade law enforcement, his use of sophisticated means – which he does not contest and which was alternatively referenced in the plea agreement – sustains the enhancement.

Andolini additionally argues that the district court abused its discretion by denying an evidentiary hearing on the motion, depriving him of a sufficient opportunity to explain his dissatisfaction with counsel and the communication problems leading him "to accept the plea agreement without fully understanding the consequences."

"A district court has wide discretion in determining whether to grant an evidentiary hearing, and we review a district court's decision on whether to grant such a hearing for an abuse of discretion." *United States v. Engelmann*, 701 F.3d 874, 882 (8th Cir. 2012) (internal quotation marks and citations omitted). An evidentiary hearing is not required where allegations are inherently unreliable, are unsupported by specific facts, or would not be grounds for withdrawal if true. *United States v. Jagim*, 978 F.2d 1032, 1037 (8th Cir. 1992). Andolini's complaints about the

-4-

enhancements are not supported by specific facts, and his dissatisfaction with counsel (if true) is not a ground for withdrawal.

The record belies Andolini's argument that he accepted the plea agreement "without fully understanding the consequences." At the change-of-plea hearing, the district court conducted a thorough Rule 11 colloquy. Andolini stated that he had enough time to meet with counsel and that counsel had done a fair job. He confirmed understanding the guidelines' application and the enhancements recommended by the prosecutor. When Andolini had concerns or did not understand an issue, he said so. The court then explained the issue, and Andolini confirmed understanding.

This case is similar to *Green*, where Green moved to withdraw a guilty plea before sentencing, arguing the plea was not knowing and voluntary and that the factual basis did not support one count. *Green*, 521 F.3d at 930. This court explained,

> At the change-of-plea hearing, Green satisfied the district court that he was competent and capable, was knowingly and intelligently waiving his rights, and was satisfied with his attorney's services. These solemn declarations in open court carry a strong presumption of verity. Green's self-serving, post-plea claims that he was unable to voluntarily choose to plead guilty fly directly in the face of his own plea hearing testimony before the district court.

*Id.* at 932 (internal quotation marks and citations omitted). Here, the court similarly found the guilty plea was knowing and voluntary and Andolini's post-plea claims similarly contradict his previous testimony.

Andolini's complaints do not present a fair and just reason for withdrawing his plea. The district court did not abuse its discretion by rejecting his motion.

The judgment of the district court is affirmed.

_____