# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-3137

_____

United States of America

*Plaintiff - Appellee*

v.

Lacresia Joy White

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 11, 2015
Filed: May 18, 2015
[Unpublished]

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

PER CURIAM.

Lacresia White pled guilty to conspiracy to manufacture, distribute, or possess with intent to distribute 100 grams or more of a mixture or substance containing heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Before

sentencing, White moved to withdraw her guilty plea. The district court[1] found that White had not presented a fair and just reason for the withdrawal and denied White's motion. White appeals, and we affirm.

I

While police were investigating a heroin-overdose death, a family member of the decedent identified Lacresia White as the decedent's supplier. Further investigation revealed that the decedent and White had been in contact on many occasions prior to the decedent's overdose.

Police also linked White to two other heroin users in the area. Through a series of undercover buys, police determined White also supplied heroin to Christopher and Yolanda Childs. Police eventually convinced Yolanda Childs to conduct a controlled buy of heroin from White. Police observed and recorded the transaction, and shortly thereafter, they arrested White.

A grand jury indicted White on five counts of heroin-related crimes, including one count of conspiracy to distribute and possess with intent to distribute heroin that caused serious bodily injury or death, 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B), 846. If convicted, the charge carried a mandatory minimum 20-year sentence. See 21 U.S.C. § 841(b)(1)(B). White rejected a plea agreement that would have recommended only 10 years in prison.

Trial began on November 18, 2013. A jury was selected, and the government began to present its case. On the third day, after the government presented strong

---

[1]The Honorable James E. Gritzner, then Chief Judge for the Southern District of Iowa, now United States District Judge for the Southern District of Iowa.

evidence tending to show White was responsible for the death of the decedent, the prosecutor again offered a plea deal. Under the terms of the deal, White would plead guilty to a lesser included offense of conspiracy to distribute and possess with intent to distribute and the government would recommend a sentence of thirteen years. Effectively, White would plead guilty to the conspiracy charge, but the additional sentence for causing death would be off the table. The plea agreement offered by the prosecutor fell under Federal Rule of Criminal Procedure 11(c)(1)(C) and required acceptance by the district court.

White's attorney strongly encouraged her to accept the plea agreement, and the attorney went so far as to set up a meeting between White and her family members to discuss the plea. White's husband was "quite emotional" and encouraged her to accept the agreement. White's mother and daughter also begged White to take the plea. White eventually decided to plead guilty, and she signed the written agreement.

The district court accepted White's plea on the afternoon of November 20, 2013. During a change of plea hearing, White assured the district court she understood the agreement, she was not forced to plead guilty, and she was pleading guilty of her own free will. She admitted to the facts listed in the agreement. She also told the court she was satisfied with her representation and she understood everything happening during the hearing. Although the district court accepted the plea, it reserved acceptance of the agreement until probation could complete a presentence investigation report.

Just two days later, however, White met with her attorney and told him she was having second thoughts about her decision. She wrote her attorney a few days later and told him that she was "remorseful for a fabrication and fictitious statements made both in court and on papers" and that she "[sought] to withdraw [her] plea of guilty." White sent her attorney another letter on December 3, again asking to withdraw the plea. Her attorney responded with a letter on December 12, urging her to think very

hard about withdrawing her plea. Due to some confusion and miscommunication, the attorney did not file a motion to withdraw the plea.

When White and her attorney arrived at a sentencing hearing in March 2014, White indicated she wished to withdraw her plea, and her attorney asked to withdraw as counsel. White obtained new counsel, and her new attorney moved in May 2014 to withdraw White's plea.

The district court held a hearing on the motion in August 2014. White called her former attorney to testify. The former attorney described White's consistent requests to withdraw her plea, the miscommunication that led to a failure to move for withdrawal earlier, and the circumstances surrounding the plea—the timing of the plea agreement (during trial), pressure from White's family, his advice about the agreement, and his explanation of the agreement to White. The district court recognized that White's nearly immediate desire to withdraw the plea weighed in favor of granting withdrawal. The district court noted, however, that White's near-immediate desire to withdraw was simply one of many factors to consider. The other factors at play demonstrated there was no just reason to withdraw the plea, and White's demeanor during the plea hearing did not indicate any confusion or involuntariness. The district court explained that the evidence against White indicated a strong possibility a jury would find her guilty of a crime with a mandatory minimum 20-year sentence. The district court also found the encouragement by White's family and attorney to accept the plea were understandable and not unduly coercive. The district court denied White's motion.

White appeals.

II

A Rule 11(c)(1)(C) plea can be withdrawn after the district court accepts the plea only if the district court rejects the plea agreement or the defendant provides a fair and just reason to withdraw her plea. Fed. R. Crim. P. 11(d)(2); see also United States v. Osei, 679 F.3d 742, 746 (8th Cir. 2012). The "fair and just" standard is liberal, but it does not entitle defendants to withdraw their pleas automatically. Osei, 679 F.3d at 746. Where a "fair and just reason exists" the court must then consider "'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" United States v. Heid, 651 F.3d 850, 853–54 (8th Cir. 2011) (quoting United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006)). If a fair and just reason does not exist, however, "'the trial court need not address the remaining considerations.'" Id. at 854 (quoting United States v. Nichols, 986 F.2d 1199, 1201 (8th Cir. 1993)). We review the district court's decision to deny plea withdrawal in these circumstances for an abuse of discretion. Id. at 854.

White contends she was under excessive pressure from her family and attorney to accept the plea agreement.[2] She argues this alleged coercion provides the justification needed to withdraw her plea. She highlights that, after the plea hearing, she repeatedly denied supplying the decedent with heroin. She also emphasizes that she desired to withdraw her plea just two days after entering the plea. These latter factors are of no consequence, however, unless White first presented a fair and just reason to withdraw her plea. See id. at 853–54.

---

[2]White also filed a pro se motion to supplement the brief filed by counsel. Consistent with our normal practice, we deny her motion. See United States v. McIntosh, 492 F.3d 956, 961 n.2 (8th Cir. 2007) ("We generally do not accept pro se motions or briefs when an appellant is represented by counsel . . . .").

- 5 -

Pleading guilty "is a solemn act not to be disregarded because of belated misgivings about its wisdom." United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (citation omitted). And a defendant's statements at a plea hearing "carry a strong presumption of verity." Id. at 932 (citation omitted). At her plea hearing, White stated that she understood the plea agreement and the proceedings. She disavowed any undue coercion or force and stated she was entering the plea of her own free will. She also explained that she was satisfied with her attorney's representation. And, according to the district court, nothing at the plea hearing indicated White had entered the plea "under duress beyond the situation of being in a difficult trial and beyond the situation that her family and she were both under a great deal of stress."

We, like the district court, recognize that familial pressure may influence a defendant's decision to plead guilty. But this pressure does not imply undue coercion such that the plea was involuntary. Similarly, it does not, by itself, provide a fair and just reason to allow a defendant to withdraw a plea. The district court conducted a thorough Rule 11 inquiry prior to accepting White's plea. It assured itself White entered the plea voluntarily. The record demonstrates the district court did not abuse its discretion by denying White's request to withdraw her plea.

We affirm the judgment of the district court.

_____