# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-1183

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jonathan H. May

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: November 13, 2017
Filed: December 12, 2017
(Unpublished)

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Jonathan H. May pled guilty to possessing child pornography in violation of
18 U.S.C. § 2252(a)(4)(B). At sentencing, he moved to withdraw his plea. The

district court[1] denied the motion, sentencing him below the guidelines to 48 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

May suffers from acute chronic renal failure. He claims he "was under duress at the time of the entry of his guilty plea, as his health interfered with making important cognitive decisions at the time of his plea." This court reviews "the denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Qattoum*, 826 F.3d 1062, 1065 (8th Cir. 2016).

"There is no *right* to withdraw" a guilty plea. *United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008). A defendant may withdraw after pleading but before sentencing if there is "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *Green*, 521 F.3d at 931 ("If the district court conducted the colloquy mandated by Rule 11(b) and found the plea knowing and voluntary at the change-of-plea hearing, the court in evaluating a subsequent motion to withdraw considers 'whether the defendant has established a fair and just reason to withdraw the plea.'"), *quoting United States v. Gray*, 152 F.3d 816, 819 (8th Cir. 1998).

Considering whether May established a fair and just reason, the district court said:

> In the transcript of the plea-taking proceedings under Rule 11 there is no indication whatsoever that the defendant was so ill that he could not competently proceed or that there was anything interfering with his cognitive processes . . . .

> . . . .

---

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

There is nothing in the petition to enter a plea of guilty which would indicate that the defendant was so ill that he could not proceed.

Now, it is true that the defendant suffers from end-stage renal failure, and filing number eighty includes some of the pertinent medical records.

On July 27, 2016, he was assessed in the office of Joseph Bast, who is a nephrologist, and among other things that assessment indicated that the defendant was on dialysis, was driving himself. There is no cognitive impairment.

The nurse made a note as to functional capacity and physical activity, or the evaluator I should say, and this may be found at page nine of filing number 80, that his functional capacity, physical activity was normal to improved and that he was feeling fine.

Physical exam showed that he was normal. There was no change, no evidence of wasting, and that also appears on page nine.

And then on page twelve under mental or emotional, once again the cognitive assessment was stable.

He was undergoing no loss of emotional support. They did a risk assessment and no risk was assessed, and the evaluator then made this comment, feels he has adjusted fine with dialysis, turns to Alice, his significant other, family and friends for support.

So while I don't doubt that the defendant has a serious medical condition, I do not find that there's a fair and just reason to withdraw the plea.

In July he was fine, very clearly was fine. If he thought that the earlier entry of the plea was the product of feeling too ill, he's had over five months to endeavor to withdraw the plea and has not done so and this matter has been continued in an effort in part at least to accommodate the defendant, and so I simply don't find any basis for allowing withdrawal of the plea.

-3-

Given these extensive factual findings, the district court properly found no fair and just reason for withdrawal. *See United States v. Yell*, 18 F.3d 581, 583 (8th Cir. 1994) (holding that the defendant's "claim that he suffered from mental stress is spurious and without credible foundation, and is not a fair and just reason to allow him to withdraw his plea"). It did not need to consider any additional factors. *United States v. Maxwell*, 498 F.3d 799, 801 (8th Cir. 2007) ("If the defendant fails to show a fair and just reason for withdrawing his plea, the district court does not need to address any additional factors."). There is no merit to May's assertion that the court improperly considered the timing of his withdrawal request. The district court did not abuse its discretion in denying the motion to withdraw the plea.

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____