# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2863
_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Jerry Washington

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: May 28, 2020
Filed: June 2, 2020
[Unpublished]
_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Ronald Washington appeals the district court's[1] denial of his pro se motion to withdraw his guilty plea to a firearm offense. His appellate counsel has moved to

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), suggesting the district court abused its discretion in denying Washington's motion to withdraw his plea based on the alleged ineffective assistance of his prior counsel.

We conclude the district court did not abuse its discretion by denying Washington's motion to withdraw his guilty plea, as his statements at the change-of-plea hearing contradicted his subsequent assertions about counsel's performance. *See United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008) (reviewing denial of motion to withdraw guilty plea for abuse of discretion); *United States v. Hughes*, 16 F.3d 949, 951 (8th Cir. 1994) (per curiam) (noting defendant's statements at plea hearing contradicted his assertions in motion to withdraw guilty plea that counsel had been ineffective; concluding defendant's failure to assert objections to counsel's performance at plea hearing refuted claim of ineffective assistance of counsel as basis for withdrawing guilty plea); *see also Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (noting a defendant's representations during plea-taking carry strong presumption of verity). To the extent Washington intended to raise a free-standing claim of ineffective assistance of counsel, we decline to consider it on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (noting ineffective-assistance claims are usually best litigated in 28 U.S.C. § 2255 proceedings).

Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues. Accordingly, we affirm and grant counsel's motion to withdraw.

_____