# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3674

_____

United States of America

*Plaintiff - Appellee*

v.

Gatruol Puol

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: August 3, 2020
Filed: August 6, 2020
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gatruol Puol appeals the district court's[1] denial of his request to withdraw his plea after he pleaded guilty to drug and firearm offenses pursuant to a plea agreement.

_____

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by refusing to allow Puol to withdraw his plea.

After his guilty plea is accepted but before sentencing, a defendant may be permitted to withdraw the plea for "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B); see also United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008). Here, Puol sought to withdraw his guilty plea because the plea was not knowingly and voluntarily entered. The district court confirmed that Puol had no other "fair and just reason" to withdraw his plea. Upon careful review, we conclude that the district court did not abuse its discretion in refusing to allow Puol to withdraw his plea, as the plea hearing transcripts show that Puol understood the plea agreement, and knowingly and voluntarily entered into the agreement, despite his later statements that he had not fully understood the charges and that he had been coerced by his attorney. See id. (district court's decision to deny a motion to withdraw a guilty plea is reviewed for abuse of discretion; whether a plea was knowing and voluntary is reviewed de novo); United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant about decision to enter into agreement); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and grant counsel's motion to withdraw.

_____