# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1558
_____

United States of America

*Plaintiff - Appellee*

v.

Frederick Herrod

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: October 8, 2020
Filed: October 15, 2020
[Unpublished]
_____

Before BENTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Frederick Herrod appeals after he pleaded guilty to a drug offense and the district court[1] sentenced him within the Guidelines range. His counsel has moved to

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred by refusing to allow Herrod to withdraw his plea, and in calculating the Guidelines range; and that the government breached the plea agreement by introducing evidence of drug purity from a lab report. Herrod has filed a series of pro se briefs challenging the district court's jurisdiction, and has filed several motions to withdraw counsel's <u>Anders</u> brief and proceed pro se.

Upon careful review, we conclude that the district court did not abuse its discretion in refusing to allow Herrod to withdraw his plea, as the plea hearing transcripts show that Herrod understood the plea agreement, and knowingly and voluntarily entered into the agreement. <u>See</u> <u>United States v. Green</u>, 521 F.3d 929, 931 (8th Cir. 2008) (district court's decision to deny a motion to withdraw a guilty plea is reviewed for abuse of discretion; whether a plea was knowing and voluntary is reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 890-91 (8th Cir. 2003) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant about decision to enter into agreement); <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

We further conclude that the district court had jurisdiction over Herrod, <u>see</u> 18 U.S.C. § 3231 (district courts have original jurisdiction of all offenses against the laws of the United States); and did not err by considering information about drug purity from a lab report in calculating the Guidelines range, <u>see</u> <u>United States v. Ault</u>, 446 F.3d 821, 823 (8th Cir. 2006) (district court may consider as relevant conduct all drugs that the government shows by a preponderance of the evidence were a part of the same course of conduct). We also conclude that the government's introduction of the lab report did not breach the plea agreement. <u>See</u> <u>United States v. Leach</u>, 491 F.3d 858, 864 (8th Cir. 2007) (government does not breach a plea agreement where it does not advocate for anything inconsistent with the stipulations of the agreement, but rather advocates for something not resolved by the plea agreement).

To the extent Herrod attempts to assert ineffective assistance of counsel, we decline to address the claim in this direct appeal.  See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal.  Accordingly, we grant counsel leave to withdraw, and affirm.  We also deny Herrod leave to proceed pro se, but we grant his motions to amend his pro se brief, and we note that the issues he raised in his supplemental briefs have been fully considered.  All other motions are denied as moot.

_____