# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3152
_____

United States of America,

*Plaintiff - Appellee,*

v.

Stevie Ray Greenwood,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: October 19, 2020
Filed: February 5, 2021
[Unpublished]

_____

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Stevie Ray Greenwood pleaded guilty to unlawful possession of a firearm as a previously convicted felon. In August 2019, he moved to withdraw the plea. The

district court[1] denied the motion and sentenced Greenwood to 75 months' imprisonment. Greenwood appeals, and we affirm.

In May 2018, Greenwood sold ten firearms to a pawn shop in Fort Smith, Arkansas. Greenwood provided his Oklahoma driver's license to complete the sale. Later, federal investigators discovered that Greenwood had sustained a prior felony conviction in Oklahoma, and that two of the firearms had traveled in interstate commerce.

A grand jury charged Greenwood with unlawful possession of a firearm as a previously convicted felon, *see* 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm. *See* 26 U.S.C. § 5861(d). Greenwood agreed to plead guilty to the felon-in-possession charge, and the government agreed to move to dismiss the other count of the indictment.

At a change-of-plea hearing in February 2019, the district court conducted a colloquy in accordance with Federal Rule of Criminal Procedure 11. Satisfied with Greenwood's responses, the court concluded that Greenwood's guilty plea was entered knowingly and voluntarily, accepted the plea, and adjudged him guilty.

In August 2019, Greenwood moved to withdraw his guilty plea. Greenwood asserted that he was innocent of the charge, and that his counsel at the time of the plea was ineffective. The district court concluded that Greenwood's assertions of ineffective assistance were "untimely and unreliable," given that Greenwood failed to object at the change-of-plea hearing and "affirmatively acknowledged his satisfaction" with counsel's representation. The court also found no evidence that Greenwood's

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

admission of guilt was untrue. The court thus denied Greenwood's motion to withdraw the plea.

We review a district court's denial of a defendant's motion to withdraw a guilty plea for abuse of discretion. *United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008). Whether a guilty plea is voluntary, however, is a mixed question of law and fact that we review *de novo*. *Id.* A district court may grant a defendant's pre-sentencing motion to withdraw a guilty plea only if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009).

Greenwood maintains that his former attorney "coerced" him into pleading guilty. Greenwood says that counsel insisted on entry into a plea agreement, refused to discuss the facts of the case with Greenwood, and demanded $10,000 to take the case to trial. Greenwood's allegations, however, are contradicted by statements he made under oath at the change-of-plea hearing. At the hearing, Greenwood said that he discussed the charges and plea agreement with counsel before signing the agreement. Greenwood also confirmed that he was "fully satisfied" with counsel's representation. When the district court asked if anyone was forcing Greenwood to plead guilty, he answered in the negative. Statements made under oath "in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and it was permissible for the district court to view Greenwood's later inconsistent assertions as inherently unreliable. *See United States v. McHenry*, 849 F.3d 699, 706 (8th Cir. 2017). The district court did not err in concluding that the plea was entered knowingly and voluntarily.

Greenwood also asserts that he is innocent of the charged offense. Although a defendant's assertion of innocence is a relevant factor in determining whether he has shown a fair and just reason for requesting the withdrawal of a plea, a "conclusory assertion of innocence" is insufficient. *United States v. Cruz*, 643 F.3d 639, 643 (8th

Cir. 2011). Greenwood presented no evidence to undermine the court's judgment of guilt. He suggests that someone else *owned* the firearms that he sold to the pawn shop, but the offense of conviction forbids *possession*, not ownership, so more information about the provenance of the guns would not establish innocence. *See* 18 U.S.C. § 922(g)(1). The district court thus did not err in denying the motion to withdraw the plea for lack of an adequate reason.

The judgment of the district court is affirmed.

_____