# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-2520

———————————————

United States of America

*Plaintiff - Appellee*

v.

Omar A. Bustillos

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: May 25, 2021
Filed: June 21, 2021
[Unpublished]

——————————

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Omar Bustillos appeals after he pled guilty to a drug offense pursuant to a plea agreement containing an appeal waiver, and was sentenced by the district court.[1] His

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Bustillos has also filed a pro se brief. We affirm.

Bustillos contends the district court erred in denying him leave to withdraw his guilty plea. We conclude, however, Bustillos knowingly and voluntarily entered into his guilty plea, and the district court did not abuse its discretion in denying his motion to withdraw it. *See United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008) (district court's decision to deny motion to withdraw guilty plea is reviewed for abuse of discretion, and whether plea was knowing and voluntary is reviewed de novo; defendant must establish "fair and just" reason to withdraw plea after its acceptance); *see also Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (noting a defendant's statements during plea hearing carry strong presumption of verity).

Bustillos also argues he received a substantively unreasonable sentence, but that challenge is foreclosed by the appeal waiver. *See United States v. Andis,* 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforcing appeal waiver if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and it would not result in miscarriage of justice). Further, to the extent Bustillos raises claims of ineffective assistance of counsel, we defer those claims for collateral proceedings. *See United States v. McAdory*, 501 F.3d 868, 872 (8th Cir. 2007) (noting ineffective-assistance claims are ordinarily deferred to 28 U.S.C. § 2255 proceedings).

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw and affirm the judgment.

_____