# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-1867
_____

United States of America

*Plaintiff - Appellee*

v.

Valarie Watson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: August 30, 2021
Filed: September 2, 2021
[Unpublished]
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Valarie Watson appeals the above-Guidelines sentence imposed by the district court[1] after she pleaded guilty to making a false statement to a federal agency. Her

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging her sentence. Watson has filed a pro se brief arguing that she did not understand she could be sentenced above the Guidelines range.

Upon careful review, we conclude the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. <u>See United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors; this court must give due deference to district court's determination that § 3553(a) factors justify variance); <u>see also</u> <u>United States v. Mangum</u>, 625 F.3d 466, 469-70 (8th Cir. 2010) (upward variance was reasonable where court made individualized assessment based on facts presented).

As to the arguments in Watson's pro se brief, we conclude the plea hearing transcript shows that she knowingly and voluntarily entered into the plea agreement, and that she understood she could be sentenced above the Guidelines range. <u>See United States v. Green</u>, 521 F.3d 929, 931 (8th Cir. 2008) (whether plea was knowing and voluntary is reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant about decision to enter into agreement); <u>see also</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____