# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3523

_____

United States of America

*Plaintiff - Appellee*

v.

Emmanuel J. Sanders

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 29, 2022
Filed: May 13, 2022
[Unpublished]

_____

Before COLLOTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

After this court vacated Emmanuel Sanders's sentence imposed following his guilty plea, pursuant to a plea agreement containing an appeal waiver, to drug and firearm offenses, United States v. Sanders, 824 Fed. Appx. 442 (8th Cir. 2020)

(unpublished per curiam); the district court,[1] on remand, allowed Sanders to proceed pro se with standby counsel, denied his motion to withdraw his guilty plea, and resentenced him to 190 months in prison. Sanders appeals, and counsel appointed for this appeal has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he moves to withdraw, and challenges the denial of Sanders's motion to withdraw his guilty plea and the reasonableness of the sentence. Sanders has moved for appointment of new counsel, and has filed a pro se supplemental brief challenging his sentence and claiming ineffective assistance of counsel prior to remand.

Following careful review of the record, we conclude that Sanders knowingly and voluntarily entered into the plea agreement and appeal waiver, and that the district court did not abuse its discretion in denying his motion to withdraw his guilty plea. See United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (standard of review); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). Sanders was not entitled to withdraw his plea based on his misapprehension of the likely penalties attached to alternative courses of action. See Brady v. United States, 397 U.S. 742, 757 (1970) (defendant is not entitled to withdraw plea merely because he discovers after plea has been accepted that his calculus misapprehended likely penalties attached to alternative courses of action).

Having concluded that the appeal waiver is valid, we further conclude the waiver is enforceable as to the arguments in the Anders and pro se briefs challenging Sanders's sentence, as those arguments fall within the scope of the waiver, and no miscarriage of justice would result from enforcing the waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); see also United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice). In addition, we decline to consider in this direct appeal Sanders's ineffective-assistance claims, which are best addressed in collateral proceedings. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss this appeal as to the sentencing issues raised in the Anders and pro se briefs, and otherwise affirm. We also grant counsel leave to withdraw, and deny Sanders's motion for new counsel.

_____