# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-3253

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kachimbe Mukanzu, also known as Kash

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: May 15, 2023
Filed: May 18, 2023
[Unpublished]

——————————

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Kachimbe Mukanzu appeals the judgment entered by the district court[1] after he pleaded guilty to sex-trafficking and firearm offenses, pursuant to a plea agreement

———————————————

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

containing an appeal waiver. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the denial of Mukanzu's motions to withdraw his guilty plea, to dismiss based on selective prosecution, and to appoint substitute counsel. Counsel also questions the substantive reasonableness of the sentence. In a pro se brief and a supplemental memorandum, Mukanzu additionally raises claims of ineffective assistance of counsel and prosecutorial misconduct.

We conclude that Mukanzu knowingly and voluntarily entered into the plea agreement and appeal waiver, and that the district court did not abuse its discretion in denying him permission to withdraw his guilty plea. See United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (standard of review); see also United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc) (one important way district court can ensure that plea agreement and appeal waiver are entered into knowingly and voluntarily is to properly question defendant about decision to enter into agreement and to waive right to appeal). Further, Mukanzu has not identified any support in the record for a claim of prosecutorial misconduct, and to the extent he raises ineffective-assistance claims independent from his challenge to the knowing and voluntary nature of his plea, we decline to address them on direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (in general, ineffective-assistance claim is not cognizable on direct appeal). Finally, we conclude that the appeal waiver is enforceable as to the remaining arguments raised. See Andis, 333 F.3d at 889-92 (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we affirm the denial of Mukanzu's motion to

withdraw his plea, dismiss the remainder of the appeal based on the appeal waiver, and grant counsel's motion to withdraw.

_____