# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2076
_____

United States of America

*Plaintiff - Appellee*

v.

Drivyeel Tashaw Davis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: December 1, 2025
Filed: December 4, 2025
[Unpublished]
_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Divyeel Tashaw Davis appeals the judgment entered by the district court[1] after he pleaded guilty to a firearm offense, pursuant to a binding plea agreement

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

containing an appeal waiver. His counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the denial of Davis's motions to withdraw his guilty plea, to dismiss based on violation of due process, to appoint substitute counsel, and to dismiss for violating his speedy trial rights. Counsel also questions the substantive reasonableness of the sentence, and identifies other issues Davis desired that he raise relating to the Armed Career Criminal Act, which was not applied in his case. In a pro se brief, Davis also challenges the denial of his motions and raises a concern implicating the voluntariness of his guilty plea.

We conclude that Davis knowingly and voluntarily entered into the plea agreement and appeal waiver, and that the district court did not abuse its discretion in denying him permission to withdraw his guilty plea. <u>See</u> <u>United States v. Green</u>, 521 F.3d 929, 931 (8th Cir. 2008) (standard of review); <u>see also</u> <u>United States v. Andis</u>, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc) (one important way district court can ensure that plea agreement and appeal waiver are entered into knowingly and voluntarily is to properly question defendant about decision to enter into agreement and to waive right to appeal). We further conclude that the appeal waiver is enforceable as to the remaining arguments raised. <u>See</u> <u>Andis</u>, 333 F.3d at 889-92 (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we affirm the denial of Davis's motion to withdraw his plea, dismiss the remainder of the appeal based on the appeal waiver, and grant counsel's motion to withdraw.

_____