# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1379
_____

United States of America

*Plaintiff - Appellee*

v.

Stephan Rashad Haley

*Defendant - Appellant*

_____

No. 25-1381
_____

United States of America

*Plaintiff - Appellee*

v.

Stephan Rashad Haley, also known as Ace, also known as Bosh

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Central
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Stephan Haley appeals after he pleaded guilty to drug, fraud, and money laundering offenses in two separate cases--instituted by separate indictments--which were consolidated prior to the plea hearing, and the district court[1] sentenced him to 384 months in prison. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence. Haley has filed a pro se brief challenging the voluntariness of his plea and arguing that counsel was ineffective.

Upon careful review, as to the arguments in the Anders brief, we conclude that the district court correctly applied the enhancement for maintaining a drug premises. See United States v. Turner, 781 F.3d 374, 393 (8th Cir. 2015) (construction and application of Guidelines are reviewed de novo; factual findings are reviewed for clear error); United States v. Armstrong, 60 F.4th 1151, 1169 (8th Cir. 2023) (premises enhancement applies to a defendant who knowingly maintains a premises for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution; although drug manufacturing or distribution must be among the primary or principal uses for the premises, they need not be the sole purposes for which the premises was maintained). In any event, we conclude that any error in applying the enhancement was harmless,

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

as the district court alternatively calculated the Guidelines range without the enhancement and stated that it would have imposed the same sentence. See United States v. Hamilton, 929 F.3d 943, 948 (8th Cir. 2019) (Guidelines miscalculation is harmless when the district court indicates that it would have alternatively imposed the same sentence even if a lower range applied).

We also conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse-of-discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). The record establishes that the district court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a). See United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable).

As to the arguments in the pro se brief, we conclude the district court properly found that Haley knowingly and voluntarily entered into the plea agreement, as he explicitly confirmed that he understood the maximum sentence he faced and that no one could promise him a particular sentence. See United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (whether a plea was knowing and voluntary is reviewed de novo); United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant about decision to enter into agreement); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

We decline to address Haley's ineffective-assistance claim in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____