# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-3567
_____

United States of America

*Plaintiff - Appellee*

v.

Vernon Johnson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: November 15, 2021
Filed: April 7, 2022
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Vernon Johnson pleaded guilty to possession of a stolen firearm and conspiracy to possess a firearm as a felon. He appeals the district court's[1] denial of his motion to withdraw that guilty plea.

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Mugan, 441 F.3d 622, 630 (8th Cir. 2006). A defendant may withdraw a guilty plea after the court accepts the plea but before it imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of showing fair and just grounds for withdrawal." United States v. Rollins, 552 F.3d 739, 741 (8th Cir. 2009) (quotation omitted). Additionally, "[e]ven if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006) (quoting United States v. Nichols, 986 F.2d 1199, 1201 (8th Cir. 1993)).

Johnson argues he presented several fair and just reasons to withdraw his guilty plea, including that his motion to suppress should have been granted; that the government violated Brady[2] when it failed to disclose that one of its law enforcement witnesses had died; and that counsel provided ineffective assistance in the lead-up to his guilty plea. He also argued that he was "legally innocent."

The district court denied the motion, first concluding that Johnson had not demonstrated fair and just grounds for withdrawal. The court found that Johnson failed to raise any factual or legal argument that warranted reconsideration of the denial of his motion to suppress. As to the death of the government witness, the district court reasoned that this fact was not exculpatory and, in any event, Johnson knew of the officer's death seven months prior to pleading guilty. The district court also found Johnson had failed to establish that counsel's performance was deficient on any of the grounds asserted or that he was prejudiced as a result.

---

[2]Brady v. Maryland, 373 U.S. 83 (1963).

Turning to the three remaining considerations, the district court found that each weighed against granting the motion to withdraw. The court concluded that Johnson's claim of legal innocence was unsupported; that he did not file his motion to withdraw his guilty plea until more than five-and-one-half months after his plea; and that the government would be prejudiced if his motion were granted, as it would need to prepare again for trial, this time having to deal with the possible effects of Johnson's alleged efforts to tamper with a witness.

We see no abuse of discretion in the district court's ruling. After the parties submitted briefing on the motion to withdraw and before ruling, the district court held oral argument. Neither party presented evidence at the hearing, but the district court, in its written order, displayed an in-depth understanding of the record and the issues presented, carefully analyzing each ground Johnson raised in support of his motion. Johnson's arguments on appeal reiterate those he urged at the district court, but he identifies no reversible error in the district court's ruling.

We therefore affirm the denial of Johnson's motion to withdraw his guilty plea for the reasons thoroughly explained by the district court in its comprehensive order. To the extent Johnson appeals other adverse rulings below, those matters are not properly before us.

———————————————